IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JASON BRAZELL**, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **SCOTT K. LINDSEY**, *in his official* | ) | *Counts: I, II, and III* |
| *capacity as Sheriff of Texas* | ) | |
| *County, Missouri,* | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **TEXAS COUNTY MEMORIAL** | ) | *Counts: I, II, and III* |
| **HOSPITAL**, | ) | |
| *in its individual and* | ) | |
| *official capacity,* | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **JOHN DOE**, *in his individual and official* | ) | *Count: I* |
| *capacity as a Correctional Officer* | ) | |
| *at the Texas County Jail,* | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **JANE DOE**, *in her individual and official* | ) | *Count: I* |
| *capacity as a licensed nurse* | ) | |
| *at the Texas County Jail,* | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

INTRODUCTION

1. This is a civil rights action for damages brought by Plaintiff Jason Brazell ("Mr. Brazell") against Texas County Sheriff Scott Lindsey ("Sheriff Lindsey"), Texas County Memorial Hospital, John Doe, and Jane Doe, (collectively the "Defendants") for violating Mr. Brazell's federal constitutional rights, after he was bitten by a venomous spider while he was detained *pre-trial* at the Texas County Jail in Houston, Missouri.

2. Defendants were deliberately indifferent to Mr. Brazell's serious medical needs for treatment and pain management, created and employed unconstitutional policies, practices, and/or customs, and failed to train and/or supervise employees.

3. Mr. Brazell's serious medical and treatment needs were so obvious that even a layperson would easily recognize the necessity of providing him with medicine to manage his pain; allowing him to see a medical professional within a reasonable time; and/or transporting him to an appropriate facility where he could be seen by a medical professional within a reasonable time.

4. Examples of how Defendants demonstrated deliberate indifference to Mr. Brazell's serious medical needs include, but are not limited to: by allowing dangerous spiders in the jail they controlled and operated by failing to put in place a sufficient extermination program; by ignoring Mr. Brazell's initial request to see a nurse or doctor after he was bitten; by failing to transport him to a medical facility as his condition worsened; by failing to provide him with pain medication to reduce

his physical pain despite numerous pleas for help; by failing to present him to a nurse until the seventh day of his suffering; and when he was finally seen by a nurse, by failing to offer him *any* treatment or pain management care whatsoever based on the Jail policy of "not treating spider bites"; by failing to establish appropriate policies regarding the provision of medical care to prisoners; and by enacting a policy that prioritized municipal cost-savings over the health and safety of persons detained in the Jail.

5. The policies and practices of the Defendants who controlled the provision of medical care in the Jail led to a system that didn't merely detain prisoners in preparation for a trial, it punished them, in violation of the U.S. Constitution.

6. Mr. Brazell's injuries are the direct and proximate result of Defendants' deliberate and continued indifference to the known, obvious, and excessive risks to Mr. Brazell's health and safety, and the denial of access to adequate medical care and treatment.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) because Plaintiff seeks redress pursuant to 42 U.S.C. §§ 1983 and 1988 for the deprivation, under color of state law, of rights, privileges, and immunities secured by federal statutes and the United States Constitution.

8. The jurisdiction of this Court is proper because Plaintiff's action arises under the Eighth Amendment to the United States Constitution, as incorporated against the States and municipal actors through the Fourteenth Amendment.

9. Venue lies within this Judicial District and Division pursuant to 28 U.S.C. § 1391(b) and L.R. 3.2(a)(3)(a) because all of the events or omissions giving rise to the claims occurred in Texas County, Missouri, which is located within the Southern Division of the Western District of Missouri.

### JURY TRIAL DEMAND

10. Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

### PARTIES

11. Plaintiff Jason Brazell is an adult resident of the State of Missouri.

12. At all times relevant to this suit, Mr. Brazell was a prisoner and pre-trial detainee at the Texas County Jail in Texas County, Missouri.

13. At all times relevant to this suit, Defendant Scott K. Lindsey was the elected sheriff of Texas County, Missouri.

14. As sheriff, Sheriff Lindsey is the official responsible for the daily operations of the Texas County Jail ("the Jail") which is housed within the Texas County Justice Center.

15. Sheriff Lindsey (and Texas County, Missouri) has an obligation under the United States Constitution to provide adequate medical to those individuals it detains, imprisons, or incarcerates, including Mr. Brazell.

16. At all times relevant to this suit, Defendant Texas County Memorial Hospital ("TCMH") was a legal person and an entity capable of suing and being sued, located and doing business within the Western District of Missouri.

17. Defendant TCMH is named in its individual and official capacities.

18. Defendant TCMH contracts with Texas County and Defendant Sheriff Lindsey to provide health care services to people who are incarcerated at the Jail.

19. Upon information and belief, and at all relevant times contemplated herein, TCMH reached a meeting of the minds and/or mutual understanding with Sheriff Lindsey and Texas County, Missouri to contract, employ, compensate, supply, and supervise medical professionals to provide medical services including, but not limited to, examinations, treatment, and care to all of the prisoners housed at the Jail.

20. Accordingly, TCMH was a willing participant with Sheriff Lindsey and Texas County, Missouri and/or its agents in the joint action that violated Plaintiff's Eighth and Fourteenth Amendment rights under the United States Constitution and thus qualifies as a state actor acting under color of state law for the purposes of this lawsuit under 42 U.S.C. § 1983.

21. At all times relevant to this suit, Defendant John Doe ("C.O. Doe") was a Correctional Officer ("C.O.") employed by Texas County at the Jail. He is named in his individual and official capacities.

22. At all times relevant to this suit, Defendant Jane Doe ("Nurse Doe") was a nurse, licensed and/or registered with the State of Missouri, who was

employed by or contracted by TCMH to provide medical services at the Jail. She is named in her individual and official capacities.

23. At all times relevant to this suit, Defendants acted under color of state law.

24. Upon information and belief, Defendants maintain a policy or policies of insurance with respect to tort claims filed against them.

## FACTS

25. The Texas County Jail has 72 beds, and employs more than twenty employees, including jailers, cooks, and an administrator.

26. Sheriff Lindsey is responsible for the safety and legitimate needs of inmates in the Jail's custody and control, including but not limited to providing necessary medical care.

27. Additionally, Defendant TCMH had a Professional Services Agreement ("PSA") with Texas County and Sheriff Lindsey to provide medical treatment, services, and care for prisoners in the Texas County Jail.

28. On or around July 7, 2022, Mr. Brazell was lying in his bunk in a cell of the Texas County Jail, when he felt something crawling across his body, and then felt a bite on his scrotum.

29. Jumping out of bed, Mr. Brazell shook out his clothes and blanket, spotted a black spider the size of a quarter, and smashed it with a cup.

30. Mr. Brazell noticed that the area around the spider bite began to swell and darken.

31. By the next day, July 8, 2022, Mr. Brazell's scrotum was turning black and the bite was secreting a liquid puss, and his inner thighs were turning a purple color.

32. Mr. Brazell was in a constant state of pain and discomfort from the spider bite and the ulcerated wound.

33. Mr. Brazell's penis and scrotum were so swollen that he could not urinate.

34. That same day, Mr. Brazell promptly informed C.O. Doe of what happened.

35. C.O. Doe told Mr. Brazell that the nurse would not arrive at the jail until Tuesday, July 12, 2022, and that he would have to wait until then to be seen.

36. Mr. Brazell asked C.O. Doe if he could have medicine to reduce his pain and swelling, and C.O. Doe told him that they could not give him any kind of drugs or medications without first seeing the nurse, who would not arrive for four more days.

37. Mr. Brazell told C.O. Doe that he needed to see someone to treat his spider bite right away and could not wait four days for the nurse to arrive.

38. C.O. Doe told Mr. Brazell that the nurse only comes on Tuesdays and Thursdays, and that Mr. Brazell would have to wait.

39. Between July 8, 2022, and July 12, 2022, Mr. Brazell repeatedly informed C.O. Doe and various other C.O.s that he needed medication to address

his pain and swelling, and that he needed to immediately see a medical professional.

40. From July 9, 2022 until July 12, 2022, Mr. Brazell's penis and scrotum continued to be so swollen and in pain that he would try for over five minutes at a time to stand at the toilet to urinate, but he could not urinate properly, and he would break out into a sweat.

41. Mr. Brazell was distressed, anxious, miserable, and in pain while he waited for the nurse to arrive.

42. On July 12, 2022, Mr. Brazell waited all day in his cell, expecting to be taken out of his cell to be seen by the nurse.

43. C.O. Doe finally came to Mr. Brazell's cell, and Mr. Brazell asked when he would see the nurse.

44. C.O. Doe told him that the nurse had already left for the day.

45. Mr. Brazell was shocked by this and told C.O. Doe that he was still in extreme pain, and he again inquired about getting medicine to relieve his pain and swelling.

46. On information and belief, C.O. Doe knew that Mr. Brazell had an urgent need to see the nurse that day, but C.O. Doe did not open Mr. Brazell's cell door and take him to the nurse that day.

47. C.O. Doe again told Mr. Brazell that he would have to wait to see the nurse, and that she would come again on Thursday, July 14, 2022.

48. On July 14, 2022, after being in severe pain for over six days, Mr. Brazell was finally allowed to see a nurse, Defendant Jane Doe.

49. On information and belief, Nurse Doe was at the Jail because she was employed or contracted by Defendant TCMH.

50. On information and belief, Nurse Doe is licensed by the state of Missouri as a medical professional.

51. Nurse Doe examined Mr. Brazell's swollen scrotum and declared "yup, it's a spider bite. Unfortunately, we don't treat spider bites."

52. Nurse Doe refused to give Mr. Brazell any medication to treat his pain and swelling when he asked for it, and then she sent him back to his cell.

53. Nurse Doe did not wash the affected area, apply any topical medications, provide any wound dressings, offer any advice on how to care for the ulcerated wound at the site of the spider bite, provide any ice or heat packs to treat the swelling, give any oral or written follow-up directions, offer or prescribe any over the counter or prescription medications, direct Jail employees to transport Mr. Brazell to TCMH or another appropriate medical facility, or consult with any doctors regarding Mr. Brazell's condition.

54. On Friday, July 15, 2022, Mr. Brazell woke up to find that the toes of both of his feet were numb.

55. Mr. Brazell was in constant pain until July 21, 2022, when his pain finally started to subside.

56. Through the beginning and middle of August, 2022, Mr. Brazell would still experience pain when he attempted to urinate, and his toes were still numb.

57. Despite Mr. Brazell's alarming symptoms, he was never presented to a medical doctor during his time in the Jail.

58. On information and belief, Sheriff Lindsey was aware that Mr. Brazell had been bit by a spider and was exhibiting alarming symptoms and suffering from a serious and obvious medical need for many days, and Sheriff Lindsey never intervened to cause Mr. Brazell to receive appropriate treatment and/or transportation to a facility that could provide appropriate treatment and/or palliative care.

59. On information and belief, Sheriff Lindsey was aware that Mr. Brazell had made repeated unambiguous requests for treatment by a medical professional and palliative care in the form of pain-reducing medications.

60. Despite being aware that Mr. Brazell was suffering from a serious and obvious medical need, Sheriff Lindsey, C.O. Doe, Nurse Doe, and TCMH all individually and collectively failed to have Mr. Brazell transported to a facility—such as an urgent care office or a hospital—where he could receive appropriate treatment and/or palliative care.

61. On information and belief, all of the Defendants knew that the policies for medical care (or lack thereof) and the provision of medical care at the Jail were insufficient to comply with their responsibilities under the U.S. Constitution to provide reasonable and appropriate medical care to pretrial detainees.

62. On August 20, 2022, Mr. Brazell was finally released from the Jail.

63. On August 25, 2022, Mr. Brazell presented at the Emergency Department of the Phelps Health hospital in Rolla Missouri, and was diagnosed with "fatigue", "Anesthesia of skin",—meaning numbness or absence of sensation in the skin—and "Toxic effect of unspecified spider venom, accidental (unintentional), sequela."

64. On October 13, 2022, Mr. Brazell presented at Mercy Hospital in Lebanon, Missouri, with headache, numbness of his face, mouth, throat, toes, and right hand, and changes to his taste sensation.

65. He was diagnosed with "headache", "anesthesia of skin", and "polyneuropathy".

66. Mr. Brazell was also internally referred to Neurology because of his facial numbness and given an MRI of the brain for his headaches.

67. On November 3, 2022, Mr. Brazell presented at Phelps Health hospital in Rolla Missouri, and was diagnosed with "shortness of breath."

68. On November 19, 2022, Mr. Brazell presented at Mercy Clinic Family Medicine-St. Robert, and was prescribed doxycycline and gabapentin.

69. On December 15, 2022, Mr. Brazell presented at Mercy Hospital in Springfield, Missouri, with "vasculitis", "burning with breathing", and "neuropathy in bilateral feet and toes".

70. Throughout his hospital visits, Mr. Brazell was prescribed a variety of medications, some of which helped with his symptoms, and some of which did not.

71. Mr. Brazell continues to suffer from the bad after-effects of the spider bite to this day.

72. The Defendants individually and collectively failed to provide Plaintiff with necessary medical attention and treatment for Plaintiff's obvious and objectively serious medical needs.

73. The Plaintiff's injuries were a direct and proximate result of the actions and inactions of the Defendants, individually and collectively. The Plaintiff has suffered and will continue to suffer great physical pain, mental pain, and emotional pain and suffering, all in an amount to be determined by a jury at trial

74. The aforementioned acts of Defendants, individually and collectively, were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify awarding exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

## COUNT I
*Claim for Damages for*
*Deprivation of Right to Adequate and Timely Medical Care*
*Deliberate Indifference to Serious Medical Needs*
*Against Defendants Sheriff Lindsey, TCMH, C.O. Doe and Nurse Doe*

75. Mr. Brazell incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

76. Mr. Brazell is entitled to the protection of the Eighth and Fourteenth Amendments to the United States Constitution.

77. As soon as Mr. Brazell informed C.O. Doe about what happened to him, and about his disturbing physical symptoms, C.O. Doe was aware that Mr. Brazell had a serious medical need.

78. As soon as Mr. Brazell informed Nurse Doe about what happened to him, and about his disturbing physical symptoms, the nurse was aware that Mr. Brazell had a serious medical need.

79. Defendants failed to take reasonable measures to treat or manage Mr. Brazell's serious medical needs.

80. Defendants were deliberately indifferent to Mr. Brazell's serious medical needs and intentionally failed to provide access to appropriate treatment for those needs, causing him to needlessly suffer mentally and physically, and exposing him to significant risks of serious physical harm.

81. The denial of care to Mr. Brazell was not due to a difference in medical opinion, but was based on the policy or custom of Defendants of not providing adequate care and medical services to inmates, including but not limited to not treating spider bites, by only providing bare-bones availability of a nurse, and by refusing to transport inmates to a facility that could provide appropriate care.

82. The actions and inactions or omissions of Defendants caused Mr. Brazell's condition to deteriorate and had an adverse and detrimental effect on his health.

83. Defendants have injured Mr. Brazell without just cause. His injury has been caused by violation of the Eighth Amendment as well as the Fourteenth Amendment as it was not reasonably related to a legitimate goal of detention.

84. Mr. Brazell suffered—and continues to suffer—damages, including pain and physical and emotional injury, as a result of Defendants' acts and omissions.

85. The conduct of Defendants involved reckless and callous indifference to Mr. Brazell's federally protected rights under the Eighth and Fourteenth Amendments.

WHEREFORE, Plaintiff prays this Court:

A. Enter Judgment in favor of Plaintiff and against Defendants Sheriff Lindsey, TCMH, C.O. Doe, and Nurse Doe;

B. Award Plaintiff nominal, compensatory, and punitive damages against Defendants for violation of Plaintiff's constitutional rights under color of state law;

C. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

D. Allow such other and further relief as the Court deems just and proper.

## COUNT II
*Claim for Damages for*
*Conditions of Confinement Constituting Punishment of a Pre-Trial Detainee*
*in Violation of the Fourteenth Amendment*
*Against Sheriff Scott K. Lindsey and TCMH*

86. Mr. Brazell incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

87. TCMH and Sheriff Lindsey maintain a blanket policy of not treating spider bites in the Jail.

88. Additionally, TCMH and Sheriff Lindsey's policy on spider bites includes refusing to provide pretrial detainees who have been bitten by spiders with medication to reduce pain and swelling.

89. Additionally, TCMH and Sheriff Lindsey's policy on spider bites includes refusing to transport pretrial detainees who have been bitten by spiders to a facility that can provide them with appropriate treatment and care.

90. On information and belief, TCMH and Sheriff Lindsey maintain these policies solely to reduce Texas County's costs and expenses, and do not take into consideration the health, safety, comfort, and well-being of pretrial detainees.

91. As such, TCMH and Sheriff Lindsey's policies are arbitrary and excessive in that they are not reasonably related to a legitimate governmental purpose, and/or excessive in relation to that purpose.

92. The failure to prescribe, provide, or supply Mr. Brazell with any over the counter or prescription medications to reduce his pain and suffering and/or provide palliative care was inappropriate, inhumane, and an unnecessary and wanton infliction of pain, constituting punishment.

93. Likewise, the failure to transport Mr. Brazell to a facility where he could be seen and treated by a competent medical professional was inappropriate,

inhumane, and a deliberate refusal to provide essential care, constituting punishment.

94. As a pretrial detainee, Mr. Brazell had a due process right to be free from punishment.

95. Mr. Brazell's pain, suffering, damages, and injuries were the result of Defendants' unconstitutional policies and actions in punishing him.

WHEREFORE, Plaintiff prays this Court:

    A. Enter Judgment in favor of Plaintiff and against Defendants Sheriff Lindsey and TCMH;

    B. Award Plaintiff nominal, compensatory, and punitive damages against Defendants for violation of Plaintiff's constitutional rights under color of state law;

    C. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

    D. Allow such other and further relief as the Court deems just and proper.

### COUNT III
*42 U.S.C. § 1983 – Municipal Liability*
*Unconstitutional Policies and/or Failure to Train and Supervise*
*Against Sheriff Scott K. Lindsey, and TCMH*

96. Mr. Brazell incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

97. Defendants TCMH and Sheriff Lindsey developed and maintained policies and customs that were the moving force behind the deliberate indifference to Mr. Brazell's serious medical needs and the punitive nature of his detention.

98. Defendants TCMH and Sheriff Lindsey all were aware that inmates, including Mr. Brazell, were not receiving constitutionally adequate medical care.

99. Defendants TCMH and Sheriff Lindsey maintain a policy, practice, or custom of deliberate indifference to the serious medical needs of prisoners by denying or delaying medical treatment, and of failing to maintain adequate staffing of nurses or physicians available to diagnose and treat serious emergencies in the Jail.

100. The policies and customs of Defendants TCMH and Sheriff Lindsey specifically in refusing to treat spider bites as a blanket policy demonstrate deliberate indifference to the constitutional rights of people detained at the Jail, and those policies and customs caused the violation of Mr. Brazell's rights alleged herein.

101. The actions, inactions, and omissions of all of the Defendants as alleged herein were in furtherance of the policies, practices, and customs of Defendants TCMH and Sheriff Lindsey.

102. Defendants TCMH and Sheriff Lindsey were the final decision making authorities with respect to establishing the Jail's policies regarding health care, medications, medical treatment, and the transportation of pretrial detainees to hospital facilities, pursuant to the PSA.

103. In instituting these unconstitutional policies and customs, Defendants TCMH and Sheriff Lindsey failed to properly train and supervise C.O. Doe and Nurse Doe.

104. Defendants TCMH and Sheriff Lindsey's deliberate choice in failing to train and supervise C.O. Doe and Nurse Doe directly led to the violation of Mr. Brazell's constitutional rights.

105. As a direct and proximate result of the policies of Defendants TCMH and Sheriff Lindsey, Mr. Brazell sustained physical and emotional injury and damages, including:

   A. Violation of his constitutional rights,

   B. Pain and suffering,

   C. Stress,

   D. Fear,

   E. Physical injury,

   F. Mental and emotional distress, and

   G. Adverse or detrimental effect on Plaintiff's condition or health, or both.

106. Plaintiff continues to suffer damages as a direct and proximate cause of the harm inflicted upon him by Defendants TCMH and Sheriff Lindsey.

107. Defendants Sheriff Lindsey and TCMH exhibited reckless and callous disregard for Mr. Brazell's federal rights secured by the Eighth and Fourteenth Amendments.

WHEREFORE, Plaintiff prays this Court:

E. Enter Judgment in favor of Plaintiff and against Defendants Sheriff Lindsey and TCMH;

F. Award Plaintiff nominal, compensatory, and punitive damages against Defendants for violation of Plaintiff's constitutional rights under color of state law;

G. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

H. Allow such other and further relief as the Court deems just and proper.

Respectfully submitted,

NEWTON BARTH, L.L.P

By: */s/ Talmage E. Newton IV*
Talmage E. Newton IV, 56647MO
Steven S. Hoffmann, 74445MO
555 Washington Ave., Ste. 420
St. Louis, Missouri 63101
(314) 272-4490 – Office
tnewton@newtonbarth.com
steven@newtonbarth.com

*Attorneys for Plaintiff Jason Brazell*

## CERTIFICATE OF SERVICE

  The undersigned counsel hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court on this 17th day of April 2024, via the Court's electronic filing system, causing the same to be served upon all counsel of record.

*/s/ Talmage E. Newton IV*
