IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

JASON BRAZELL.,

    Plaintiff,

v.

SCOTT K. LINDSEY, et al.,

    Defendants.

Case No. 6:24-cv-03110-MDH

# ORDER

Before the Court is Plaintiff's Motion to Strike Portions of Defendant Lindsey's Answer and Affirmative Defenses. (Doc. 17). Plaintiff's motion moves to strike the following responses and affirmative defenses arguing:

1. Responses 7 and 8 in which Defendant denies that this Court has proper jurisdiction, contradicting his Response 9 in which he "do[es] not dispute this forum or venue."

2. Response 12 in which Defendant claims to "lack sufficient information" as to whether Plaintiff "was a prisoner and pre-trial detainee at the Texas County jail in Texas County, Missouri," while Defendant simultaneously purports to have enough information—in Responses 31, 32, 33, 39, 40, 41, and 46 to "Deny" allegations regarding the medical condition of Mr. Brazell's intimate body parts, his pain levels, and what kind of help he requested.

3. Defendant's Affirmative Defenses 8(j), 10, 11, and 26 all invoke Missouri state law defenses to Defendant's conduct and Plaintiff's claims. Plaintiff states these affirmative defenses are all immaterial because Plaintiff has only brought federal, and not state law claims against Defendant.

1

4. Defendant's Affirmative Defenses 13, 14, 15 invoke the Prison Litigation Reform Act and/or 42 U.S.C. § 1997e. These affirmative defenses are immaterial as a matter of law, because the Prison Litigation Reform Act and/or 42 U.S.C. § 1997e do not apply to persons who have been released from custody, as the Plaintiff has been, but rather, apply only to confined prisoners.

5. Defendant's Affirmative Defense 16 is immaterial because Plaintiff has not challenged the validity of a disciplinary and/or criminal proceeding.

6. Defendant's Affirmative Defenses 19 and 20 are immaterial because Plaintiff has not asked this court for equitable relief.

7. Defendant's Affirmative Defenses 21(a) – 21(d) are immaterial and fail as a matter of law because Plaintiff's Complaint for Damages was filed on April 17, 2024, alleging a series of events that occurred beginning July 7, 2022 through December, 2022. Defendant provides no plausible support for his boilerplate affirmative defense of "unreasonable delay without explanation," and/or statute of limitations, both of which fail as a matter of law.

8. Defendant's Affirmative Defense 27 is a legal nullity having no force or effect as it fails to comply with Rule 15 of the Federal Rules of Civil Procedure.

Defendant has filed an opposition and the motion is ripe for review.

## STANDARD OF REVIEW

Rule 12(f) of the Federal Rules of Civil Procedure provides that upon motion, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, the 8th Circuit has stated striking a party's pleading is "an extreme measure," and that "motions to strike under Fed. R. Civ. P. 12(f) are viewed with

disfavor and are infrequently granted." *Stanbury Law Firm, P.A. v. IRS,* 221 F.3d 1059, 1063 (8th Cir. 2000)(citations omitted).

## DISCUSSION

To begin, Defendant states based on Plaintiff's representations to the Court expressly limiting the theories of liability, he does not oppose striking defenses 8(j), 10, 11, 16, 19, 20, and 27.

Based on Defendant's response, the Court finds that defenses 8(j), 10, 11, 16, 19, 20, and 27 shall be withdrawn.

Defendant opposes striking his responses to paragraphs 7, 8, and 12 of Plaintiff's Complaint and also as to affirmative defenses 13, 14, 15, 21(a)-21(d), and 26.

The Court has reviewed the pleadings and overrules Plaintiff's motion to strike responses 7, 8 and 12. The Court also overrules Plaintiff's motion to strike affirmative defenses 13, 14, 15, 21(a) – 21(d).

The Court grants the motion to strike affirmative defense 26. The Missouri statute cited in this defense does not apply to Plaintiff's § 1983 claims.

**IT IS SO ORDERED.**

Dated: September 20, 2024

*s/ Douglas Harpool*
Douglas Harpool, District Judge